IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIE JAMES LOWE, JR.
    Reg. No. 11862-003

    Petitioner,
v.                                                    Case No. 5:22cv245/TKW/MAL

WARDEN PISTRO,
FCI MARIANNA

    Respondent.
_____/

## **REPORT AND RECOMMENDATION**

Petitioner initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 on October 14, 2022. Doc. 1. Petitioner, who has a projected release date of June 14, 2023, seeks 90 days of sentencing credits he claims he is due under the First Step Act.

On October 18, 2022, the Court directed Petitioner to (a) either remit the $5.00 filing fee or file a complete application to proceed in forma pauperis; and (b) submit two service copies of his petition and attachments. Doc. 3. Petitioner submitted service copies (Doc. 4), but he did not comply with the portion of the order regarding the filing fee, despite having been warned that failure to comply could result in a recommendation of dismissal.

On November 30, 2022, the undersigned entered an Order to Show Cause why this case should not be dismissed for Petitioner's failure to comply with a court order. Doc. 7. The order provided that the show cause order would be discharged if Petitioner complied with the October 18, 2022 order within fourteen days. Petitioner was again warned that failure to comply would result in a recommendation of dismissal of this case. Notwithstanding this admonition, nearly thirty days have elapsed and Petitioner still has not responded.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Petitioner has failed to comply with Court orders necessary for the continuation of this case, the petition should be dismissed without prejudice.

Accordingly, it is respectfully RECOMMENDED:

    1.    Petitioner's petition under 28 U.S.C. § 2241 be **DISMISSED** without prejudice.

    2.    The clerk be directed to close the case file.

At Gainesville, Florida on December 29, 2022.

                        s/ *Midori A. Lowry*
                        Midori A. Lowry
                        United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.